The opinion of the court was delivered by
Breaux, J.
Plaintiff is the wife of John A. Williams, a member of the firm of Bond & Williams.' In 1891 this firm became indebted to her in the sum of $5912.
The defendants were the commission merchants of the commercial firm of Bond & Williams, to whom they advanced supplies and furnished money during that year in a large amount.
. In November, 1891, they executed a draft on the defendant to pay their indebtedness to plaintiff.
The plaintiff, the payee, endorsed the draft and forwarded it to the defendant, with direction to place the amount to her credit.
In December of that year, the firm of Bond & Williams being financially embarrassed, and not having complied with its obligation *1014 to the defendants, the latter sued them and obtained a writ of attachment.
They alleged in their petition in that suit that, after allowing al proper credits, there was a balance due them of $16,292, as per itemized account.
Their account was filed in evidence on the trial; it shows that on December 1, 1891, the plaintiff was credited for the amount of her draft, and that the firm of Bond & Williams was charged with the amount so credited.
Judgment was pronounced for the said balance upon due proof of the amount of the indebtedness.
It includes the sum of $5912, amount of plaintiff’s draft.
Property attached, movable and immovable, was seized and sold. It was bought by the defendants.
The amount of the sale did not satisfy the judgment; there is a large balance due to the defendants, who are absentees.
The plaintiff sues to recover the amount of the draft forwarded to the defendants as stated, and prayed for writ of attachment and for garnishment process, which were issued, and certain claims of the defendant were taken possession of under the writ.
In reference to this dráft the plaintiff testified in the case at bar in support of defendant’s account (which account had been previously proved up in case 6852), filed in their suit against Bond & Williams, and denied that any agreement was entered into differing from the allegations and the judgment obtained against her late debtors, the firm just named. One of the defendants states, as a witness, that there was an agreement that the money was not to be paid until all the indebtedness of Bond & Williams had been paid.
That the amount of the draft sued on in this, case is charged to Bond & Williams.
The testimony of a witness (defendant’s agent) who testified in the suit of defendant’s agents, Bond & Williams, No. 6852, that he knew nothing further than is stated on the face of the draft, and of another witness, was admitted over defendant’s objections.
On the trial of the case at bar the testimony of these two witnesses and the letter marked A were offered to prove the agreement alleged in defendant’s answer, was excluded for the reason set forth in the plea of estoppel.
*1015 There was no copy of the citation and of the petition and writ of attachment, posted at the court-house door.
Personal service was made on the curator ad hoe appointed to represent the absent defendant.
The curator ad hoe appointed by the court was also the attorney of the defendants.
He, as curator ad hoe, applied to the court for an order authorizing the defendants to take possession of the property attached on their furnishing bond.
He, as attorney for the defendants, not as curator ad hoe, had previously agreed with the .attorney for plaintiff to the delivery of the property attached to the defendants on their furnishing solvent bond.
The bond was furnished by the defendants, represented by their authorized attorneys. ■
The property was delivered to them.
Judgment was pronounced in favor of the plaintiff for the amount claimed, and the property attached was ordered to be sold in satisfaction of the claim.
The defendants appeal.
The plaintiff answers and prays for damages for a frivolous appeal. The bill of exceptions reserved by the defendants to the court’s ruling, excluding the testimony of two witnesses, and the letter marked A, will be considered with the merits of the case.
The defendants defend on two grounds:
1. That the service is illegal; the required posting of the petition, citation and writ 'of attachment at the court-house door not having been complied with.
2. That the defendants became the owner of plaintiff’s claim, and were subrogated to her rights under a verbal stipulation that no payment would be exacted of them before the collection of the amount of plaintiff’s draft from the drawers — the firm of Bond & Williams.
In reference to the first proposition the plaintiff’s counsel argue that the defendants waived -the informality of service of citation and writ of attachment by their appearance in the suit and furnishing bond, and obtaining the possession of the property attached.
*1016 In reference to the second proposition they plead an estoppel, for the reason that the defendants in their suit against Bond & Williams, A. Baldwin & Co., and others, intervenors, recovered judgment for the amount and placed themselves in such attitude as to preclude the possibility of sustaining the defence, .that the plaintiff is not a creditor as alleged.
This brings rs to the first point, that embraced in the motion to dissolve the writ of attachment.
The defendants in their agreement to bond the property attached, and in their petition for the order authorizing them to furnish bond and take possession of the property, did not reserve any right to plead informality of service.
They appeared in the suit and unqualifiedly .delivered to the sheriff their obligation to satisfy such “judgmeut to the value of the property attached as. may be rendered against him in the suit pending.”
It is the appearance authorized by Art. 259 of the C. P.
It is characterized as an appearance in the suit.
The only question for .our decision is, does that appearance cure the informality of service alleged?
It is determined in a number of decisions that the' appearance of a defendant in a suit cures want of citation.
Our attention is directed by defendant’s counsel to the case of Love vs. Dickson, 7 M. 1ST. S. 167, that defendant’s giving bond and taking the property out of the possession of the sheriff does not cure a defect similar to that pleaded in the case at bar, and that “ it is a well settled rule that nothing cures defects in citation but appearance and pleading to the merits.”
Subsequent to that decision the point arose in other cases and appearance to release property attached was held as an appearance having the effect of curing informality in citation.
In Rathbbne vs. Ship London, 6 An. 440, the bonding of property attached was given an effect at least equal to an appearance curing a defective citation or the absolute want of citation.
The court says: “The condition on which the property attached is released and delivered to the defendant is that he should appear in person or by attorney, thus rendering himself liable to a judgment in his default to answer, and that he should give security judicatum solvi. We do riot understand that the constitutionalityjof this article *1017 is drawn in question, or the power of the Legislature to enact it. It seems to us, beyond all question, that the purpose of the law was to give, in the case provided, to the creditor a personal judgment against the debtor, which he was required to give security to abide by and perform.” The words of the article are free from any qualification or ambiguity and leave room for no other interpretation.
In Love vs. .Voorhies, 13 An. 550, this court decided that the act of bonding the property attached does not debar the party giving it from subsequently moving to‘quash the order of attachment.
The question of citation did not arise in that case; The decision gives no support to the proposition that appearance to bond property attached does not cure the want of citation.
The court in that case approvingly refers to the case of Rathbone vs. Ship London. Beirhand,Thompson vs. Deming, 24 An. 274.
The bond was not executed in the name of the curator ad hoc.
The property was delivered to the defendant and the waiver therefore was the act of the defendant.
The alleged conditional acceptance of the draft presents the remaining issues.
It is not denied that plaintiff was the creditor of Bond & Williams. Her right to receive the draft does not admit of question.
The disposition made of it is not an infrequent act in business — i. e., to send a draft to the drawee, the merchant, with direction to place the amount for which it is drawn to the payee’s credit.
It is possible, ordinarily, to receive a special and conditional acceptance of a draft in lieu of an absolute acceptance.
A verbal acceptance may be shown.
These undeniable propositions are without force or application -in the case at bar, for the reason that the defendants have declared in another suit that the draft was paid and the amount placed to plaintiff’s credit.
He is not to be heard who alleges things contrary to each other. Edson vs. Union Bank, 11 An. 710.
The drawer was the common debtor of the plaintiff and the defendants.
They chose to receive the draft and place the amount to her credit without any entry whatever of any condition as to deferring payment in any contingency.
*1018 They are the owners of the claim with a title recognized by the courts and decreed legal in every respect.
The defendants, as plaintiff in that case, alleged their ownership and proved that the amount was credited to Mrs. M. K. Williams, plaintiff in this case.
They can not now be heard to prove that the entry was not correct.
That the cash carried to plaintiff’s credit, as proven in the case referred to, was not cash.
They can not discredit their own title and prove the incorrectness of their own judgment.
Bond and Williams were condemned to pay the amount in question to the defendants as their creditors.
The terms of the judgment can not be changed; it can not be held that the amount was not due to the defendants, but to another.
The regularity required in judicial proceedings and the absolute correctness which should characterize every judgment will not sanction the shifting of positions at will, by those on whose allegations and proof they were obtained.
The judgment of the defendants must remain unchanged as to the amount in question.
If the conditions alleged were to prevail at this time, a final judgment would be without raison d’étre, as to nearly one-third of its amount.
The defendants can not ignore their own judgment, their judicial declarations and their evidence.
The court will not allow the substitution of one debtor for another by creditors at whose instance the judgment fixing their rights was pronounced.
-Our conclusion in reference to the effect of allegations and proof in a former suit, No. 6852, sustains the correctness of the court’s ruling in excluding testimony offered to establish that others and not the defendants are the debtors.
The testimony of witnesses who testified in the former case was not inter alia as to defendants and appertains to the issue involved. The ruling admitting this testimony was not erroneous.
The appellant has not sustained her demand for damages. The issues presented do not impress us as being frivolous.
Judgment affirmed at appellant’s costs.