WEISS *v.* STEIN.

REPLEVIN—ELECTION OF REMEDIES—ESTOPPEL.

   Where defendant caused a writ of attachment to issue against two car loads of potatoes, recognizing ownership in another, he is estopped, in replevin proceedings to recover same, from asserting ownership in himself.

Error to Wayne; Collingwood (Charles B.), J., presiding. Submitted October 22, 1919. (Docket No. 3.) Decided April 10, 1920. Rehearing denied June 17, 1920.

Replevin by Joe Weiss against Edward F. Stein, sheriff of Wayne county, for the possession of certain potatoes. Judgment for plaintiff. Defendant brings error. Affirmed.

*Guy A. Miller,* for appellant.

*Thomas W. Payne (George W. Coomer,* of counsel), for appellee.

MOORE, C. J. This is a case in replevin. From a verdict and judgment in favor of the plaintiff the case is brought here by writ of error. During the early part of the year 1917 Thomas Pierce was buying potatoes in Canada, which were brought to Michigan. He made an arrangement with Abraham Goldsmith, of Detroit, to buy some potatoes for him. He bought and delivered to him, at intervals, fifteen or more cars of potatoes. Trouble arose between them because of a sharp disagreement as to what the contract between them was.

It is the claim of Mr. Pierce that he stopped buying for Mr. Goldsmith, and that in March, 1917, he bought on his own account six cars of potatoes, which were

billed to Windsor, and the bills of lading with drafts attached were sent to a bank in Windsor. It is his further claim that he sold one car load of the potatoes to Mr. Cohen, one to Mr. Miller and two cars to Mr. Goldsmith. These potatoes are not involved in the present litigation unless it may be incidentally.

It is the further claim of Mr. Pierce, and of the plaintiff as well, that he sold two cars of the potatoes to Joe Weiss, the plaintiff in the instant case, and was paid in full for them; that he delivered all four bills of lading to one Harris, a customs broker, to have them released from the customs, and for conveyance to Detroit, two cars to be delivered to Mr. Goldsmith and two of them to Mr. Weiss. When the cars arrived in Detroit Mr. Goldsmith took possession of the two cars purchased by him. He also made an affidavit in attachment wherein he claimed Mr. Pierce was owing him $2,300, and caused a writ of attachment to issue, which he delivered to the sheriff, who by Mr. Goldsmith's direction levied upon the two car loads Mr. Pierce and the plaintiff claim had been sold to Mr. Weiss. Thereupon Mr. Weiss sued out a writ of replevin for the possession of the two cars of potatoes which had been attached by the sheriff. A declaration in the usual form in replevin was filed in the replevin case to which the sheriff, the defendant, pleaded the general issue. The sheriff took no part in the trial, but Mr. Goldsmith, though his name did not appear in any of the pleadings in the replevin case, assumed the active defense in that case. Instead of defending by virtue of the attachment proceedings, he took the position that he bought from and paid Mr. Pierce for the potatoes before the attachment proceeding was begun.

Early in the trial of the case the plaintiff introduced the files in the attachment case in evidence and asked the court to rule that Mr. Goldsmith could not

now defend in the replevin case upon the theory that he was the owner of the potatoes because he had elected to sue Mr. Pierce for a money judgment and caused the sheriff to attach the potatoes as the property of Mr. Pierce. The trial judge declined to so rule and a hearing upon the merits was had upon the testimony of Mr. Weiss, Mr. Pierce, Mr. Cooney, and Mrs. Weiss, witnesses on the part of the plaintiff, and Mr. Goldsmith, Mrs. Goldsmith, the wife of Mr. Goldsmith, his daughter Miss Goldsmith, and Mr. Harris. Many exhibits were also introduced in evidence. At the close of all the testimony the attorneys for the plaintiff renewed their motion for a directed verdict. The attorney for the defendant also asked for a directed verdict. The court overruled both motions and gave a general charge to the jury in which he stated to them "the issue, after all the testimony has been taken and considered by you, is just that one question, Who owned these potatoes?"

We have already stated the result of the verdict. A motion was made by the defendant for a new trial for various reasons; this was overruled. The appellant has upwards of 20 assignments of error which are ably discussed at length. In our view of the case it will not be necessary to discuss these assignments in this opinion. We have already seen that the sheriff came into the possession of these potatoes by reason of a writ of attachment sued out by Mr. Goldsmith against Thomas Pierce, the levy being made upon the claim by Mr. Goldsmith that the potatoes were the property of Thomas Pierce.

In 9 R. C. L. at p. 968, it is said:

"Attachment or Garnishment and Other Remedy. Under the general rule that a party cannot take the inconsistent positions of suing upon a contract and treating it as rescinded, the bringing of an attachment in an action to recover for breach of a contract is an election which will bar a subsequent action to disaffirm

the contract. And so by suing out an attachment on goods a creditor elects not to accept under a chattel mortgage conveying such goods to trustees for the benefit of certain creditors including himself. Likewise bringing suit in assumpsit for the value of property converted by the defendant, and attaching it as his property, whereupon the defendant gives bond and recovers the property, and sells it and receives payment, estops the plaintiff from asserting title against the vendee and suing the latter for conversion; and this is the rule though the first action fails for a defect in jurisdiction."

In 10 R. C. L. p. 698, it is said:

"The rule that a party will not be allowed to maintain inconsistent positions in judicial proceedings is not strictly one of estoppel, partaking rather of positive rules of procedure based on manifest justice and, to a greater or less degree, on considerations of the orderliness, regularity, and expedition of litigation."

At page 702 of the same authority it is said:

"It may be laid down as a general rule that a party will not be allowed in a subsequent judicial proceeding to take a position in conflict with a position taken by him in a former judicial proceeding, where the later position is to the prejudice of the adverse party, and the parties and the questions involved are the same."

At page 703 of the same authority it is said:

"Election of Remedies as Estoppel. Election of remedies is closely akin to the estoppels now under consideration, sometimes being termed a *quasi* estoppel. Thus, it is a general rule that if one having a right to pursue one of the several inconsistent remedies, makes his election, institutes suit, and prosecutes it to final judgment or receives anything of value under the claim thus asserted, or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy. And where the right in the subsequent suit is inconsistent with that set up in the former suit, as distinguished from a merely inconsistent

remedy, the party is estopped though the former suit may not have proceeded to judgment."

See, also, *Thomas* v. *Watt*, 104 Mich. 201, and *Cooper* v. *Smith*, 109 Mich. 458, where the principle involved here was considered.

This record shows beyond any reasonable doubt that Mr. Weiss negotiated for these potatoes and paid to Mr. Pierce upwards of $3,000 for them, expecting them to be delivered to him on the railroad track in Detroit. While they were on that track Mr. Goldsmith caused them to be attached as the property of Mr. Pierce. While they were in the possession of the sheriff, by virtue of the writ of attachment, this replevin case was commenced. It is not until more than a year later, so far as this record shows, that Mr. Weiss is advised that Mr. Goldsmith has shifted his position from the claim made in the attachment proceeding that the potatoes belonged to Mr. Pierce, to the new position that at the very time Mr. Goldsmith instituted the attachment proceeding he was in fact the owner of the potatoes. In the meantime Mr. Weiss lost the opportunity which was then open to him to say at once, if advised of the facts, to Mr. Pierce:

"You sold me two car loads of potatoes for which I paid you more than three thousand dollars. Mr. Goldsmith says you sold him the potatoes and I want you either to put me in the possession of the potatoes or hand me back my money."

We think, under the law properly applied to the facts in this case, there should have been a directed verdict in favor of the plaintiff. It will not be necessary to discuss the various assignments of error.

The judgment is affirmed, with costs to the plaintiff.

STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.

Justice KUHN took no part in this decision.