(Nos. 6405 and 6406. July 13, 1937.)

K. A. CURTIS, Guardian *Ad Litem* of JEANINE CURTIS, a Minor, and K. A. CURTIS and ALICE CURTIS, Respondents, v. PAULINE CURTIS, Appellant, and K. A. CURTIS and ALICE CURTIS, Respondents, v. PAULINE CURTIS, Appellant.

[70 Pac. (2d) 369.]

Whitla & Knudson, for Appellant.

Robt. H. Elder, for Respondents.

BUDGE, J.—Alice Curtis, respondent, and her fourteen months old daughter, Jeanine Curtis, riding as guests in the

automobile owned and driven by Pauline Curtis, appellant, left Portland, Oregon, at about noon on May 21, 1935, for Coeur d'Alene, Idaho. About 4 o'clock in the morning of May 22, 1935, after a continuous trip from Portland, except for occasional short rests, appellant in some manner, about one and one-half miles from Ross Point, in Kootenai county, drove the automobile from highway number 10 across a ditch alongside the road and struck a tree with the result that Alice Curtis and Jeanine Curtis were injured. The two cases involved in this appeal, the injuries complained of being the result of the same accident, were consolidated for trial. The jury returned a verdict in favor of Alice Curtis in the amount of $1,000, and a verdict in favor of K. A. Curtis as guardian *ad litem* for Jeanine Curtis in the amount of $4,000. Thereafter motions for judgment notwithstanding the verdict and for new trial were filed, which were denied by the court and judgments were entered in the amounts hereinbefore recited. A motion for nonsuit made at the close of respondent's case and renewed at the close of the entire case was denied. This appeal is from the judgments, and from the orders denying motions for new trial, judgment notwithstanding the verdict, and nonsuit.

Under the specifications of error appellant presents three main arguments—first, that no gross negligence was shown; second, that certain instructions were prejudicial, and third, that respondent Alice Curtis may not recover by reason of contributory negligence.

■ With reference to the first point appellant urges that there was no admissible evidence introduced to support an allegation of "gross negligence" or "reckless disregard" on the part of appellant, for the reason that respondents' case is based upon a purported telephone conversation between appellant and her son, which respondent, Alice Curtis, over appellant's objection, was permitted to relate. With reference to the particular conversation involved the following is disclosed by the record:

"Q. Now, Mrs. Curtis, did you ever hear the defendant, Mrs. Pauline Curtis, talk about this accident?

"A. Well, I did hear a telephone conversation between her and her son. I heard her side of it.

"Q. What did she say?"

"By Mr. KNUDSON: Objected to as incompetent, irrelevant and immaterial what the telephone conversation was, the defendant not being present there.

"By Mr. ELDER: The defendant was present.

"By the COURT: The conversation was between the defendant and her son. Objection overruled, that is, if it pertains to this case.

"By Mr. ELDER: (Q.) What did she say?

"A. Well, she mentioned in the beginning of the conversation that she believed she had fallen asleep and she ended up by saying she had fallen asleep."

This conversation between appellant and her son was not hearsay. It was a statement made by appellant to her son and made in the presence of and within the hearing of the witness, specifically pertaining to the accident, and was therefore not incompetent nor was it a statement or a conclusion of the witness.

Appellant's son testified that in the telephone conversation with him appellant said she was sleepy and thought she dozed off, hit the soft sand and it pulled her into the tree. Appellant testified that she did not know how it happened, that she just didn't "remember much about it" and stated "I was very tired driving all night. In going out of Ross Point I was very very tired." It appears without conflict that appellant did all the driving in a continuous trip starting at noon and continuing through the afternoon and night until approximately 4 o'clock in the morning, when the accident occurred, the trip being interspersed with only short rest periods when gasoline and food were procured. Such evidence, together with the fact that the automobile left the highway and collided with the tree without apparent cause sufficiently raised the question of appellant's gross negligence or reckless disregard to warrant the submission of such question to the jury under proper instructions. (I. C. A., sec. 48–901; *Blood v. Adams*, 269 Mass. 480, 169 N. E. 412; *Ryan v. Scanlon*, 117 Conn. 428, 168 Atl. 17; *Potz v. Williams*, 113 Conn. 278, 155 Atl. 211; *Bushnell v. Bushnell*, 103 Conn. 583, 131

Atl. 432, 44 A. L. R. 785; *Abbott v. Cavalli,* 114 Cal. App. 379, 300 Pac. 67.

It is urged that the court erred in giving instruction number 9 as follows:

"You are further instructed that *if you find* from the evidence, that Jeanine Curtis received injuries that were the proximate result of the gross negligence of the defendant or that was the result of defendant's reckless disregard of the rights of Jeanine Curtis, you should find for the plaintiffs such damage as you may determine Jeanine Curtis suffered by the evidence which has been submitted to you." (Italics inserted.)

It is urged that the foregoing instruction was prejudicial to appellant for the reason that it in substance stated that there was gross negligence on the part of appellant. Instruction number 10, given by the court, was in the language of I. C. A., sec. 48–901. Instruction number 11 correctly defined "gross negligence" and instruction number 15 recited as follows:

"You are instructed that in order for the plaintiffs to recover any amount whatever, it is necessary for the plaintiffs to establish by a preponderance of the evidence that the defendant was, at the time of and immediately preceding the accident operating the automobile in a grossly negligent manner, or in reckless disregard of the rights of others. If the plaintiffs fail to establish such gross negligence, or reckless disregard, then they cannot recover and your verdict should be for the defendant."

The court likewise instructed the jury not to single out any one instruction as being the law of the case, but that it must consider all instructions together. When the instructions are considered together it appears that instruction number 9 was not erroneous.

Appellant's requested instruction, which it is urged the court erred in refusing, in effect would have instructed the jury that if the jury found that the act of momentarily going to sleep was the only act that caused the accident its verdict should be for appellant. Under the authorities heretofore cited such an instruction did not properly state the

law, it being necessary for the jury to determine under what circumstances the act of momentarily going to sleep occurred.

█ The issue of contributory negligence was submitted to the jury under the court's instruction with reference to respondent Alice Curtis. The evidence discloses she knew nothing about a car, and did not drive, further that appellant invited her to take a nap knowing her physical condition,—pregnancy. Ordinarily the question of whether a passenger in an automobile, going to sleep, exercised ordinary care for his own safety is a question of fact to be submitted to the jury. (*Freedman v. Hurwitz*, 116 Conn. 283, 164 Atl. 647; *House v. Weinrich*, 133 Kan. 132, 298 Pac. 766; *Slobodnjak v. Coyne*, 116 Conn. 545, 165 Atl. 681; *Zelinsky v. Howe*, 163 Wash. 277, 1 Pac. (2d) 294.) In *Malone v. Clemow*, 111 Cal. App. 13, 295 Pac. 70, it is said:

"The fact that one or more of the guests was asleep at the time of the collision does not constitute negligence as a matter of law, for, as we have already seen, there was no obligation on the part of the guests to exercise an oversight as to the way in which the automobile was to be operated, or to keep a lookout for impending danger. Furthermore the evidence shows that Mrs. Clemow was an experienced driver, and the guests had no reason to complain of her driving. . . . .

"In *McDermott v. Sibert*, 218 Ala. 670, 119 So. 681, the court used the following language which is particularly appropriate in the case at bar, 'When a guest is asleep it is entirely a question for the jury to determine whether or not he could have done anything if awake; or whether it considered him contributorily negligent in the same regard as if he were not asleep.' "

█ In this connection the court instructed the jury as follows:

"You are instructed that if the plaintiff Alice Curtis saw that the defendant was asleep, or by the exercise of ordinary care for her own safety she would have seen that the defendant was asleep, it became the duty of said plaintiff to arouse the defendant, and her failure so to do would prevent a recovery in any amount as concerns the plaintiff Alice Curtis. A guest in an automobile cannot completely surrender him-

self to the care of the driver and then successfully contend he was exercising proper care for his own safety.''
which is the rule announced by authorities cited by appellant (*Oppenheim v. Barkin*, 262 Mass. 281, 159 N. E. 628, 61 A. L. R. 1228, and see *Dillon v. Brooks*, 51 Ida. 510, 6 Pac. (2d) 851). It would thus appear that appellant has no cause for complaint.

The judgments are affirmed. Costs awarded to respondents.

Morgan, C. J., and Holden and Givens, JJ., concur.

Ailshie, J., did not sit at the hearing nor participate in the decision.