225 P.2d 69

**FOBERG v. HARRISON et ux.**

No. 7647.

Supreme Court of Idaho.

Dec. 4, 1950.

J. Ward Arney, Clay V. Spear, Coeur d'Alene, for respondent.

Whitla & Knudson, Coeur d'Alene, for appellants.

SUTTON, District Judge.

Respondent, who was plaintiff below, recovered a judgment against the appellants on account of personal injuries alleged to have been sustained by respondent the night of December 5, 1947, while riding as a guest in defendants' automobile on U. S. Highway No. 10 a short distance west of the city limits of Coeur d'Alene, Idaho, and the matter is here on appeal from that judg-

ment. The appellant makes 33 assignments of error: Assignments 1 and 2 have to do with the pleadings. Assignments 3 to 26 inclusive attack 25 of the 38 instructions given to jury. Assignments 27 to 31 allege error in the Court's refusal to give certain requested instructions. Assignment No. 32 is treated by appellant as being an assignment of error on account of the Court's denying his motion for a new trial. His assignment is insufficient to raise that question, and is at most a charge that the evidence is insufficient to warrant the entry of the judgment. This assignment will not be further noticed than to say there was sufficient evidence to go to the jury. Assignment 33 charges error in the admission of certain alleged hearsay evidence.

Space will not permit a detailed examination of each of the alleged erroneous instructions or of the charges made concerning them. First and foremost of the objections to the given instructions is that by them the jury was given the rule of ordinary negligence instead of the rule contained in the Idaho guest statute, Idaho Code 49-1001, as the measure of plaintiff's right and defendants' responsibility. It is also charged some of the instructions are not correct statements of the law in any case, and that some others have no bearing on the case made by the pleadings and the proof.

Since plaintiff was by her allegations and all of the proof the guest of the defendant at the time of the accident which resulted in her alleged injuries she must recover, if at all, under the burden imposed by said Section 49-1001 I.C.; that is, a showing of ordinary negligence on the part of the defendant will not suffice. And if the instructions as given permitted the jury to find against the defendant on account of ordinary negligence, then they were prejudicially erroneous. The solution of this problem requires a brief examination of some of the instructions.

Instruction No. 3 informed the jury that the driver of an automobile "is not negligent" under certain conditions there set forth; Instruction No. 4 told the jury the burden was upon the plaintiff to prove that her injuries "were proximately caused by the negligence of the defendant to a degree of the defendant having a reckless disregard of the rights of others."; Instruction No. 5 told the jury that "negligence is never presumed * * * and the burden of proof * * * is upon the plaintiff to establish negligence on the part of the defendant * * * and if she fails to support her allegations of negligence in this case, she is not entitled to recover."; Instruction No. 21 reads as follows: "You are instructed that if you find from competent, preponderating evidence in this case that the negligence, if any, of the defendants was the proximate cause of the injuries to the plaintiff and that the negligence, if any, of plaintiff did not contribute to that injury, you should then find for the plaintiff in such an amount not exceeding the demands of the complaint

or the competent evidence in this case, as you believe will fairly compensate for plaintiff's injuries and damage."; Instruction No. 30 told the jury that if they found "negligence of the defendant was the proximate cause of the collision" they might consider certain matters in assessing damages; Instruction No. 12 reads as follows: "The plaintiff in this case claims that the injury to the plaintiff was proximately caused by either intoxication on the part of the defendant or the reckless disregard of the defendant for the rights of others or both such causes. It is for you and you alone to determine from all of the evidence in the case whether or not these two causes, singly or in combination, were or were not the proximate cause of the collision. If you find that neither intoxication or reckless disregard of the rights of others on the part of the defendant was the proximate cause of the collision, you should find for the defendant. If you find that either one or both intoxication or reckless disregard of the rights of others on the part of the defendant was or were the proximate cause or causes of the accident, your verdict should be for the plaintiff."; Instruction No. 20 is a substantial copy of the instruction considered in Pittman v. Sather, 68 Idaho 29, 188 P.2d 600, and has to do with ordinary negligence.

▮ The only specific attempt to define "reckless disregard" is found in Instruction 15, where it is said "means a lesser degree of negligence than intentional act."; and Instruction No. 16, which reads, "The word 'reckless' as used in the Idaho statute and these instructions is not used as meaning 'conscious indifference', 'wilful disregard', or 'wanton disregard' of the rights of a guest. 'Reckless', as used in these instructions, means 'mindless', 'Negligent', 'thoughtless', 'regardless', 'unconcerned', 'inattentive', 'remiss', 'improvident', 'rash', 'inconsiderate'.

"You will observe that none of the foregoing definitions carries the thought of 'reckless' necessarily being 'intentional' or 'purposely'. They rather convey the idea of being the contrary, i. e., without thought or care of consequence."

This latter instruction we believe to be erroneous, and certainly when read in conjunction with the other instructions mentioned must have created confusion and uncertainty in the minds of the jury, and to have therefore been prejudicial. State v. Wheeler, 70 Idaho 455, 220 P.2d 687.

▮ Instruction No. 8 and 18 define substantially in the language of the statute the criminal offense defined by sections 49-502 and 49-503, I.C., respectively. Instruction No. 24 was in effect a statement of the doctrine of the last clear chance. We believe these instructions have no bearing on the issues presented by this case and they should not have been given.

Several of the other instructions recited certain requirements of the law with reference to the required lighting equip-

ment on motor vehicles, the parking and leaving standing of vehicles on the highway, and are of doubtful, if any, application to the issues made by the pleadings.

It appears, from the opinions in Dawson v. Salt Lake Hdw. Co., 64 Idaho 666, 136 P.2d 733, and Hughes v. Hudelson, 67 Idaho 10, 169 P.2d 712, and from instructions 15 and 16 herein, that some confusion has arisen as to what should be considered an acceptable definition of the term "reckless disregard" as used in section 49-1001 I.C.

In order to avoid any such confusion in the future, this court adopts the following as a sufficient and proper definition, to wit: The term "reckless disregard" as used in said section means an act or conduct destitute of heed or concern for consequences; especially foolishly heedless of danger, headlong rash; wanton disregard, or conscious indifference to consequences.

The appellant complains of the court's refusal to give four requested instructions. The record discloses only three requested instructions on the part of the defendant, and insofar as these requests are correct statements of the law and applicable to the case, they were covered by instructions given, and there was no error in the refusal to give them.

The matter complained of by Assignment 33 is disclosed in Folio 354-356 in part as follows: The plaintiff was asked by her counsel:

"2. What injuries did you receive to your ankle and limb? A. Well, the doctor told me * * *

"Mr. Whitla: Object to what the doctor told her. That is not * * *

"Mr. Arney: That is one noted exception to hearsay, what the doctor told her.

"The Court: She may testify.

"Witness: I wouldn't know.

"Mr. Arney: Go ahead and tell what the doctor said."

Whereupon the witness did testify what her doctor had told her concerning her injuries. This was clearly hearsay and should not have been admitted, and in this case probably was prejudicial to the defendant in that neither of plaintiff's doctors testified in the case.

Assigned errors 1 and 2 are based upon the Court's failure to sustain defendants' demurrer and motion to strike, and in permitting plaintiff to amend her complaint. The complaint states a cause of action and defendant could not have been misled or prejudiced in any manner by any of the alleged uncertainties or ambiguities in the complaint, and there was no error in overruling the demurrer. Portions of the motion to strike might well have been granted. However, the record shows no ruling on the motion, and there is therefore nothing to review. The question of whether amendments to the complaint should be allowed were matters addressed to the discretion of the trial

court. Durant v. Snyder, 65 Idaho 678, 151 P.2d 776. There was no abuse of discretion.

The judgment will be reversed, and the cause remanded for a new trial.

Costs to appellants.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.