277 P.2d 561

Darlene **LOOMIS** and **Elmer Loomis,** wife
and husband, Plaintiffs and Appellants,

v.

Sherman **CHURCH,** Defendant and
Respondent.

No. 8037.

Supreme Court of Idaho.

Dec. 10, 1954.

Anderson & Anderson, Pocatello, for appellants.

Parry, Keenan, Robertson & Daly, Twin
Falls, and James, Shaw & James, Gooding,
for respondent.

KEETON, Justice.

Appellants, Darlene Loomis and Elmer
Loomis, are wife and husband. On January 13, 1951, Mrs. Loomis was a guest
passenger in an automobile being driven
on a public highway by respondent Church.
The highway on which the car was being
driven intersects Highway No. 26. There
are stop signs at the crossing where the
road on which Mrs. Loomis was being
driven intersects this highway. While
crossing the intersection defendant's car
collided with a truck belonging to the Gar-

rett Freightlines, driven by one of its employees, Mr. Staley. As a result of the collision Mrs. Loomis suffered injuries.

This suit was brought against the respondent Church to recover damages for injuries alleged to have been sustained.

In the complaint respondent is charged with driving in reckless disregard of the rights of others as defined by Section 49-1001, I.C. The complaint alleges that respondent did not stop at the stop sign where the highways intersect, did not look out for oncoming traffic on Highway No. 26; that he failed to observe the truck driven by the agent of Garrett Freightlines, which it is alleged was well lighted and visible. The answer denied negligence on the part of respondent, and in an affirmative defense alleged that the collision which caused damage to Mrs. Loomis was the result of negligence on the part of the driver of the truck of Garrett Freightlines; also alleged contributory negligence on the part of Mrs. Loomis; that appellants had been fully paid and compensated for the whole, or any or all of the injuries and damages suffered. The answer did not allege that respondent, or anyone representing him, had ever paid appellants anything; neither did it plead a release or settlement of the controversy. On issues joined the case was tried before a jury and verdict rendered in favor of defendant. Judgment was entered on the verdict and plaintiffs appealed.

The testimony discloses that when the car in which Mrs. Loomis was riding came to the intersection, she saw the stop sign, the highway, and the oncoming truck, and said to respondent: " * * * there is a stop sign and you better stop." and respondent replied: " * * * I will stop twice at the next one, the next time," and said: "I got time enough to make it." Respondent then drove the car onto Highway No. 26, and the truck and car collided.

The court gave the jury four instructions on contributory negligence, Nos. 12, 13, 14, and 15, and from these instructions we quote:

From instruction 12:

"Contributory negligence is negligence on the part of a person injured which, cooperating in some degree with the negligence of another, helps in proximately causing the injury on which the former thereafter complains.

"One who is guilty of contributory negligence may not recover from another for an injury suffered. * * *"

Instruction 14:

"You are instructed that if the plaintiff Darlene Loomis was negligent and that her negligence contributed in any degree as a cause of her injury, then the defendant is entitled to your verdict."

Instruction 15 advised the jury that appellant Darlene Loomis is charged with exercising reasonable care and caution for her own safety and she is required not to

rely blindly upon the exercise of care and caution by the driver.

Appellants assign the giving of these instructions as error and particularly the parts which advise the jury that contributory negligence is, if proved, a defense to the action; arguing that where an injury is caused to a guest in an automobile by reason of the reckless disregard by the driver of the rights of others, ordinary negligence of the one injured is no defense.

In order for the injured appellants to recover from respondent for the injury complained of, it is necessary for them to prove that the conduct of respondent which occasioned the injury to Mrs. Loomis was due to the reckless disregard of her rights, that is, that respondent's conduct was destitute of heed or concern for consequences, especially foolishly heedless of danger, headlong, rash, wanton disregard, or conscious indifference to consequences. Mason v. Mootz, 73 Idaho 461, 253 P.2d 240; Foberg v. Harrison, 71 Idaho 11, 225 P.2d 69.

In support of respondent's position that contributory negligence is a defense in the matter before us, he cites Hughes v. Hudelson, 67 Idaho 10, 169 P.2d 712; Dawson v. Salt Lake Hardware Co., 64 Idaho 666, 136 P.2d 733; Curtis v. Curtis, 58 Idaho 76, 70 P.2d 369; French v. Tebben, 53 Idaho 701, 27 P.2d 474, 475; Dale v. Jaeger, 44 Idaho 576, 258 P. 1081; Shoemaker v. Floor, 117 Utah 434, 217 P.2d 382.

French v. Tebben, supra, was tried on the theory that contributory negligence was a defense and each of the parties requested instructions relative to contributory negligence. The contention that contributory negligence was not a defense was raised in the Supreme Court for the first time. This Court held that litigants must present the issues in this Court on the same theory they were presented in the lower court, and for that reason held that contributory negligence was an issue and specifically refused to pass on the question here advanced.

The case of Dale v. Jaeger, supra, was decided before the guest statute, Section 49-1001, I. C., was passed.

Hughes v. Hudelson and Curtis v. Curtis, supra, do not discuss or decide the question here presented.

In Dawson v. Salt Lake Hardware Co., supra, this Court held that where the appellants themselves requested an instruction on contributory negligence and the parties had tried the case in the lower court on the theory that contributory negligence was a defense, and both parties had requested specific instructions on the issue, it could not be asserted for the first time on appeal that contributory negligence was not involved.

In Shoemaker v. Floor, supra, the defense of contributory negligence was not interposed. The defendant in that case pleaded and contended that the plaintiff had assumed the risk. None of the authorities

cited by respondent holds, when the question is presented, that ordinary negligence is a defense to a liability predicated on the contention that the acts of the defendant were committed with reckless disregard of the rights of others.

■ Further, in the case before us there was no testimony introduced which by inference or otherwise could be construed as constituting contributory negligence on the part of Mrs. Loomis.

We are not here concerned with or discussing what degree of negligence, if any, on the part of one claiming damages due to reckless disregard of the rights of others, might constitute a defense, nor are we here considering holdings which have prevented recovery where the injured party assumed the risk or where the acts of the one injured are such that it is a part, or an inducing cause, of a defendant's misconduct.

■ We merely hold that ordinary contributory negligence is not a defense in an action based upon reckless disregard of the rights of others under our guest statute. 38 Am.Jur. 854, Sec. 178; 65 C.J.S., Negligence, § 198a, p. 922; V. 4, Blashfield Cyc. of Auto. Law, Sec. 2396, page 539; V. 9, Blashfield Cyc. of Auto. Law, Sec. 5973, page 149; Amidon v. Hebert, 93 Cal.App.2d 225, 208 P.2d 733; Schneider v. Brecht, 6 Cal.App.2d 379, 44 P.2d 662. Hence the instructions complained of were erroneous.

Respondent contends that even assuming that the instructions were erroneous and no contributory negligence was shown, nevertheless the judgment should be affirmed for the following reasons: first, that the verdict returned is the only one justified by the evidence, and appellant was not entitled to a favorable decision in any event, and that the court would have been justified in directing a verdict against appellants; second, that where two causes of action arise from one transaction and the injured party elects to pursue one, he cannot thereafter pursue the other cause when the other is disproved by, and repugnant to, the facts alleged in the complaint of the first elected cause of action.

These contentions are premised on the following claimed facts: In a report of the accident which is dated January 31, 1951, and thereafter signed by Mrs. Loomis on the 16th of March, 1951, she exonerated respondent from responsibility and asserted in such statement that at the time of the accident and injury complained of respondent used caution, drove in a careful manner, stopped at the stop sign; that thereafter appellants had filed a complaint against Garrett Freightlines claiming damages for the same accident and injury here complained of; that the complaint in that action was verified by Mrs. Loomis and in it she alleged that while riding with respondent Church in a sedan automobile as a guest on the 13th of January, 1951, respondent stopped said automobile at the stop sign,

looked in both directions and proceeded to cross the highway using ordinary care and in a prudent and reasonable manner; and further alleged the Garrett Freightlines agent Staley was driving the truck which collided with the sedan of respondent Church at an excessive rate of speed and in a careless, negligent and reckless manner; that the collision could and would have been avoided if the driver Staley had kept the truck on his own side of the highway, or if it had been driven at a reasonable, lawful rate of speed. This suit against Garrett Freightlines was settled and dismissed and appellants, in consideration of $3,500 paid, signed a release of the Garrett Freightlines for all damages and loss by reason of the accident and injury complained of.

There was also introduced in evidence, a receipt which acknowledged that representatives of respondent Church had paid appellants the sum of $1,000 because of damages complained of. The receipt was not pleaded by respondent as an affirmative defense and he does not now claim that he ever settled or paid for the injuries sustained. When this receipt was offered in evidence by respondent, plaintiffs objected to its admissibility on the ground it had not been pleaded, and the court stated: "Well, I take it it is not offered as a release; it is offered as a receipt." Mr. Daly, attorney for respondent, said: "That is correct. It is not offered as a release; it is offered for two purposes: one, to show the receipt of One Thousand Dollars, the payment, to

that extent, which, if your Honor please, is pleaded in the answer, and it is offered also for further impeachment and proof of Mr. Garrett's presence in the home of Mr. and Mrs. Loomis with them at a time which they deny."

The contradictory statements made by Mrs. Loomis in the report of the accident and in the complaint against the Garrett Freightlines, conflicting with her testimony in the present suit, were received in evidence for impeachment purposes.

■ Mrs. Loomis' complaint against the Garrett Freightlines alleges that the carrier was wholly and solely responsible, and contains allegations, as above stated, sworn to by her to the effect that the present defendant was free from fault. By means of those allegations she sought and obtained a cash settlement from the Garrett Freightlines. In this case, by allegations of a directly opposite nature, that the present defendant was not only at fault, but acted with reckless disregard, she seeks now to recover against him. The effect of her former allegations is not lessened by the fact that, on the same day a settlement was effected and a release given to the Garrett Freightlines, she obtained by stipulation an order deleting the most damaging of such previous allegations. It is apparent that the stipulation and order were a part of the settlement and done in preparation for the present action. It is quite generally held that where a litigant, by means of such sworn statements, obtains a judgment, ad-

vantage or consideration from one party, he will not thereafter, by repudiating such allegations and by means of inconsistent and contrary allegations or testimony, be permitted to obtain a recovery or a right against another party, arising out of the same transaction or subject matter. Aljian v. Ben Schlossberg, Inc., 1950, 8 N.J.Super. 461, 73 A.2d 290; Johnson v. Marx Levy & Bro., 1902, 109 La. 1036, 34 So. 68; Williams v. Gilkerson-Sloss Commission Co., 1893, 45 La.Ann. 1013, 13 So. 394; Michaelson v. Simula, 1933, 264 Mich. 457, 250 N. W. 264; Weiss v. Stein, 1920, 209 Mich. 482, 177 N.W. 224; Stretch v. Watson, 1949, 6 N.J.Super. 456, 69 A.2d 596; McAuslan v. Union Trust Co., 1924, 46 R.I. 176, 125 A. 296; Melton v. Anderson, 1948, 32 Tenn.App. 335, 222 S.W.2d 666; Watkins v. Norfolk & Western Ry. Co., 1942, 125 W.Va. 159, 23 S.E.2d 621; Peterson v. Strayer, 1931, 121 Neb. 587, 237 N.W. 667; Gohlinghorst v. Ruess, 1945, 146 Neb. 470, 20 N.W.2d 381; Gormley v. Peoples Cab, Incorporated, 1942, 142 Neb. 346, 6 N.W. 2d 78; Hatten Realty Co. v. Baylies, 42 Wyo. 69, 290 P. 561, 72 A.L.R. 587; 19 Am. Jur., Estoppel, Secs. 74 and 75; 31 C.J.S., Estoppel, § 121.

■ This doctrine of judicial estoppel would appear to be particularly applicable in the case before us, for the reason that here the plaintiff must not only establish that the defendant failed to use ordinary care, but must show that his conduct was "destitute of heed or concern for conse-

quences", that he acted in "wanton disregard or conscious indifference to consequences." In other words, she must show recklessness of such a grievous nature that ordinary negligence on her part cannot be shown in defense.

The fact that this estoppel was not pleaded would not prevent our consideration of the issue, because the complaint in the former action was admitted without objection by appellant, and her counsel volunteered to stipulate that she received $3,500 in settlement of that action.

■ This Court, among many others, has held that where evidence of an estoppel is received without objection it becomes an issue in the case and may be acted upon by the court although not pleaded. Hillcrest Irrigation Dist. v. Nampa, etc., Irr. Dist., 57 Idaho 403, 66 P.2d 115; Dissault v. Evans, 74 Idaho 295, 261 P.2d 822. In Clark v. Union Pacific Railroad Co., 70 Idaho 70, 211 P.2d 402, 404, the fraud urged was not pleaded. Justice Givens, quoting from Idaho State Merchants' Protective Association v. Roche, 53 Idaho 115, 22 P.2d 136, said:

■ " 'Evidence received without objection enlarges the pleadings.' " Hatten Realty Co. v. Baylies, 42 Wyo. 69, 290 P. 561, 72 A.L.R. 587.

However, we hesitate to declare the estoppel at this stage of the proceedings, in view of the fact that one of defendant's counsel, in urging an objection to the order amending the former complaint, stated

to the court, in effect, that the defense did not claim the statements by Mrs. Loomis in the prior complaint were conclusive from a legal standpoint. Orderly procedure would seem to require that the case be remanded for a new trial so that the parties may properly frame the issues, which they seek to present here, and in order that such issues may be fully tried before they are finally determined. Commercial Standard Ins. Co. v. Remay, 58 Idaho 302, 72 P.2d 859, 120 A.L.R. 1.

The judgment is reversed and the cause remanded for a new trial. Costs to appellants.

PORTER, C. J., and GIVENS and TAYLOR, JJ., concur.