317 P.2d 594

Leonard J. HUDSON, Plaintiff and
Appellant,

v.

Floyd W. DECKER, Defendant and
Respondent.

No. 8655.

Supreme Court of Utah.

Nov. 7, 1957.

Richard W. Brann, Dean N. Clayton, Ogden, for appellant.

Cannon & Hanson, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

Appeal by the plaintiff from a judgment for defendant entered on a jury verdict directed by the court below.

The facts basically undisputed are as follows: Plaintiff and defendant were returning from Washington to Utah, their place of residence. They had arrived at a point two miles from the top of the continental divide between Montana and Idaho

on the Idaho side when defendant's car left the road and crashed into a ravine bordering the highway resulting in injury to the plaintiff. Defendant was driving and plaintiff was a nonpaying guest. The accident occurred at approximately 1 p. m. on July 18, 1955. The day was clear and visibility good; the highway paved and dry, the terrain mountainous. The highway had a light covering of loose sand or fine gravel on the curve where the accident occurred. The shoulder of the road varied from six inches to two feet in width, being between one and two feet wide at the place of the accident. The shoulder was soft in the vicinity of where the car left the highway. Defendant had just passed a truck near the top of the divide and was proceeding at the speed of between 35 and 40 m. p. h. around a curve. He decreased his speed as he entered a second curve. The car failed to negotiate the curve and left the road on the right side, and as it left the road was moving at a speed of between five and ten miles an hour.

The only evidence introduced as to the happening of the described accident was the testimony of plaintiff and defendant, the latter testifying as an adverse witness. Plaintiff's evidence was not enlightening as to what caused the car to leave the road. He stated that he had been looking at a road map as they rounded the first curve. He turned around to put the map in the back seat, noticed the speed of the car decrease considerably, and as he faced forward again, saw the car was going off the road. Defendant's testimony is as set out above as to his speed, the curvature of the roadway, its condition, and the condition of the weather and that the car went off the roadway on the second curve. No evidence was elicited as to any act of commission or omission upon his part. The only other evidence in the case, other than that going to the damage suffered by plaintiff, was that of persons who arrived at the scene of the accident shortly after it happened. Pictures of the situs and of the damaged car were taken by one of them and introduced into evidence. The driver of the car in which these people arrived at the scene testified that he negotiated the curve in question at about 40 miles an hour.

Plaintiff contends that the evidence introduced at the trial was sufficient to go to the jury on the issue of defendant's "reckless disregard" for the safety of his guest and it was error to direct a verdict for the defendant.

The pleaded Idaho Guest Statute,[1] which governs the plaintiff's right to recover reads as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such trans-

1. Section 49–1001, Idaho Code 1947, now § 49–1401.

portation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or his reckless disregard of the rights of others."

■ The Idaho Supreme Court construed "reckless disregard" in the case of Foberg v. Harrison [2] as follows:

"The term 'reckless disregard' as used in said section [49–1001, Idaho Code supra] means an act or conduct destitute of heed or concern for consequences; especially foolishly heedless of danger, headlong rash; wanton disregard, or conscious indifference to consequences."

In the later case of Mason v. Mootz [3] the court in referring to the foregoing statement in the Foberg case stated:

"This implies a consciousness of danger and a willingness to assume the risk, or an indifference to consequences."

■■ Appellant cites in support of his contention the following cases: Herbert v. Allen,[4] Doheny v. Coverdale,[5] Kost v.

Thompson,[6] and Orico v. Williams.[7] It would serve no useful purpose to discuss these cases in detail. The last two cited cases do not involve the construction and application of a "guest statute." In each of the other two there was an affirmative act on the part of the driver. Here, as noted above, we have no evidence of any act or omission upon the part of the driver. Moreover, we are bound by the construction of the Idaho statute as made by the Idaho Supreme Court. To permit a jury to infer from the mere fact that defendant's car left the road under the circumstances disclosed, that the defendant was driving with knowledge of danger and with conscious indifference to consequences, would be to invite them to infer, not merely negligence, but "reckless disregard of the rights of others," from the mere fact that an accident happened and someone was thereby injured. To so hold would, in effect, cast the burden of showing freedom from "reckless disregard" upon the defendant. The lower court did not err in refusing to impliedly so rule.

The judgment is affirmed. Costs to respondent.

CROCKETT, WADE, WORTHEN and HENRIOD, JJ., concur.

2. 1950, 71 Idaho 11, 225 P.2d 69, 71.
3. 1953, 73 Idaho 461, 253 P.2d 240, 243.
4. 1950, 241 Iowa 684, 41 N.W.2d 240.
5. 1937, 104 Mont. 534, 68 P.2d 142.
6. 1946, 302 Ky. 688, 194 S.W.2d 974.
7. 1953, 139 Conn. 714, 97 A.2d 556.