332 P.2d 215

Gary R. WOOD, Plaintiff and Respondent,

v.

Darrell L. TAYLOR, Defendant and Appellant.

No. 8818.

Supreme Court of Utah.

Nov. 24, 1958.

---

4. Stockburger v. Dolan, supra.

Kunz & Kunz, Ogden, for respondent.

Kipp & Charlier, Simmons, Beaslin & Nygaard, Salt Lake City, for appellant.

WADE, Justice.

Defendant, Darrell L. Taylor, appeals from a judgment of $15,510 and costs in favor of plaintiff Gary R. Wood, respondent here, on a jury verdict as damages for injuries suffered from an automobile accident on November 3, 1956. Plaintiff and Karen Wright were defendant's guests in his car which he was driving on U. S. Highway 89 in a southerly direction approaching Paris, Idaho. Defendant was driving about 70 mils per hour toward the crest of a knoll when a farm tractor pulling a load of hay entered the highway, about two blocks away, from a lane from the west and turned toward the south. The tractor and load of hay at first partially occupied both sides of the highway but gradually veered toward the west, or its right-hand side of the highway, traveling at four to five miles per hour. Defendant without reducing his speed attempted to pass the load of hay, which covered most of the west half of the highway. In so doing the front of his car struck the right side of the rear of the hayrack and the right rear wheel of the tractor, and then went out of control into the borrow pit where it landed upside down.

The main question presented is: Does the evidence when viewed most favorably to plaintiff require a holding as a matter of law that defendant was not guilty of "reckless disregard" for plaintiff's safety as that term is used in the Idaho guest statute? [1]

We have previously held that we must construe the Idaho guest statute in accordance with the construction given it by the Idaho Supreme Court.[2] Since such holding the Idaho court has discussed the construction of the statute in a number of cases. Defendant contends that these later cases require a greater degree of negligence in guest cases than was previously

1. Sec. 49–1001 Idaho Code 1947; 49–1401 Idaho Code for 1957 provides: "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or his reckless disregard of the rights of others."

2. See Shoemaker v. Floor, 117 Utah 434, 217 P.2d 382; Hudson v. Decker, 7 Utah 2d 24, 317 P.2d 594.

required. We will review the cases to determine whether a jury question was presented by the evidence.

In Shoemaker v. Floor,[3] we quoted from Dawson v. Salt Lake Hardware Co.,[4] an Idaho case, as follows:

"The word 'reckless', as used in this statute (Sec. 48–901, I.C.A., as amended by chap. 160 of the '39 Sess.Laws), is, in my opinion, not used as synonymous with 'conscious indifference', 'wilful disregard', or 'wanton disregard' of the rights of a guest. * * *"

In Foberg v. Harrison,[5] referring to confusion from the above quotation the Idaho court said:

"In order to avoid any such confusion in the future, this court adopts the following as a sufficient and proper definition, to wit: The term 'reckless disregard' as used in said section means an act or conduct destitute of heed or concern for consequences; especially foolishly heedless of danger, headlong rash; wanton disregard, or conscious indifference to consequences."

Again, in Mason v. Mootz,[6] the Idaho court said:

"It must be remembered that reckless disregard, within the meaning of the guest statute, requires proof of an absence of heed or concern for consequences, a heedlessness of danger, a 'wanton disregard, or conscious indifference to consequences.' This implies a consciousness of danger and a willingness to assume the risk, or an indifference to consequences."

Still later in Wilson v. Bacon,[7] the Idaho Supreme Court quoted with approval from 2 Restatement of the Law, Torts, Section 500, on the meaning of "reckless misconduct" as follows:

"Reckless misconduct differs from negligence in several important particulars. It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency in that reckless misconduct requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. It dif-

3. Shoemaker v. Floor, 117 Utah 434, 217 P.2d 382, 385.
4. Dawson v. Salt Lake Hardware Co., 64 Idaho 666, 136 P.2d 733.
5. Foberg v. Harrison, 71 Idaho 11, 225 P. 2d 69, 71.
6. Mason v. Mootz, 73 Idaho 461, 253 P.2d 240, 243.
7. Wilson v. Bacon, 78 Idaho 389, 304 P.2d 908, 909.

214

fers not only from the above-mentioned form of negligence, but also from that negligence which consists in intentionally doing an act with knowledge that it contains a risk of harm to others, in that the actor to be reckless must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent. The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind."

■ From the foregoing it is clear that if facts are established by the evidence from which the jury could reasonably infer or find that defendant consciously chose a course of action knowing that such course would place his guests in grave and serious danger, or that he chose such course with knowledge of facts which would disclose such danger to any reasonable person, and that at the time of choosing such dangerous course he could, by choosing a different course, have avoided such danger to his guests, then he was guilty of reckless disregard for the safety of others and the court was right in submitting the case to the jury.

■ However, intentionally choosing a dangerous course is not the same as intentionally causing an accident. The former is reckless disregard for the rights of the guest while the latter is an intentional accident and comes under the first classification under which this statute makes the host driver liable to his guest.

■ In applying the foregoing rule to the facts disclosed by the evidence, we must keep in mind that there is no substantial conflict in the evidentiary facts disclosed by the testimony. Although defendant and his two guests were all three in his car when the accident occurred, only Miss Wright remembers any of the details of that event. The only possible dispute in the evidence involves the inferences which may reasonably be drawn as to defendant's frame of mind. As to such inferences we must sustain the trial court unless we can hold as a matter of law from the evidence that such inferences are beyond the bounds of reasonableness.

The evidence shows that the tractor drawing a load of hay came onto the highway through a lane from the west and turned toward the south, the same direction that defendant was traveling. After the tractor entered the highway part of it went onto the left-hand side thereof so that the hay wagon would not tip over into the borrow pit on the side of the entrance lane. The part of the highway

which was covered with asphalt is only 19 feet wide. The hayrack is nine feet two inches wide and the hay extended over the sides of the rack so that the overall width of the hay load was wider than one-half of the paved portion of the highway. The load of hay stopped almost immediately after the crash of the car against the right-hand corner thereof. At that time the rear left-hand corner of the load of hay extended over onto the left-hand half of the highway; the tractor was veering to the west and was farther to the right-hand side of the road than the hayload. After the crash the rear end of the hayrack was 51.5 feet south of the south boundary line fence of the lane from which the tractor and the hayload entered the highway. The tractor and load of hay joined together were 31.5 feet long, and half of the lane from which they entered the highway is 12.5 feet, so the tractor and hayload traveled on the highway about 95 feet. The tractor traveled from four to five miles per hour and defendant's car was traveling about 70 miles per hour. If the tractor traveled only 83 feet, the distance from the south fence of the lane to the front of the tractor, after entering the highway, it would take about 11 to 15 seconds to travel the distance which it did on the highway. During that time a car traveling at 70 miles per hour would travel more than 1100 to 1400 feet. The evidence is undisputed that the car could have been brought to a complete stop in less than 300 feet. This is approximately one-fourth of the distance of the car from the tractor when it first appeared on the highway.

At the time of the accident it was daylight. The sun was shining; the sky was clear and visibility was good. The road was straight and there was nothing to prevent the defendant from seeing the tractor and the load of hay all of the time while it was entering onto and traveling on the highway. The shoulders on the road were gravel and dirt. They sloped down and varied in width from six to eight feet. There was no evidence that the defendant decreased the speed of his car from the 70 miles per hour from the time the tractor and load of hay came into his view and entered the highway to the time of the crash. The left-hand side of the road, except that the left-hand side of the hayrack protruded onto it slightly, was free from obstruction, but the road was ascending to the top of a knoll which obstructed the view of the highway to the south beyond the knoll, and there was a solid line painted on the right side of the center of the highway indicating that vehicles traveling south should not drive left of the center line.

Appellant contends that traveling at 70 miles per hour on a clear straight hard topped road in the daytime with good visibility is not reckless disregard for the rights of his guest. He further contends that his failure to pass the hay load on the

left-hand side of the highway, which was free from traffic, does not amount to more than a mistake of judgment and therefore only negligence, which is considerably less than reckless disregard for the safety of his guests. Such arguments under some circumstances would have great weight, but under the conditions here disclosed are not controlling.

Here appellant while driving at 70 miles per hour saw, or should have seen, the tractor drawing a load of hay enter the highway when appellant's car was from 1100 to 1400 feet away. He could or should have seen that the load of hay occupied practically all of the right-hand side of the hard surfaced road. The shoulder sloped down and varied in width from six to eight feet, making it highly dangerous for appellant to attempt to pass on the right-hand side of the hay load at such a high rate of speed. He could not pass on the left-hand side, as he apparently recognized, without violating the law and risking the chance of meeting traffic which he could not see from over the top of the knoll. Thus appellant if he continued to travel at 70 miles per hour exposed himself and his guests to grave danger. There is no reason to believe that he was not conscious of this danger. Certainly the jury could reasonably conclude that all reasonable persons under these conditions would be aware of the danger to which continuing such high rate of speed would expose his guests. Under such circumstances the evidence shows the appellant continued to drive into the right rear side of the load of hay and the right rear wheel of the tractor, thereby causing the accident and injuries complained of. During all of the time after the load of hay was fully within his view and obstructing his path to the right, he could have stopped his car within less than 300 feet and thereby would have completely avoided all danger. He could have completely stopped his car in about one-fourth the distance he actually traveled after the load of hay entered the highway and after he saw or should have seen that he was exposing himself and passengers to grave danger. Such conduct constitutes more than mere negligence. It shows he consciously continued a course which was highly dangerous to his guests when he could have by slowing down or stopping his car avoided such danger. Under all of the definitions above quoted, this meets the requirements of reckless disregard for the safety of others.

Appellant cites Turner v. Purdum,[8] as a case which has an analogous fact situation to this case, wherein the Idaho court held that reckless disregard for dangerous consequences had not been shown. The facts in the Turner case are similar to the facts in this case only in that there the host driver drove into the rear of the

8. Turner v. Purdum, 77 Idaho 130, 289 P.2d 908.

potato digger which was being towed by a tractor in the same direction as defendant's car was traveling. The facts differ in that in the Turner case the accident occurred at night; it was windy with some dust and occasionally a sprinkle of rain. There were no yellow or red lights or reflectors on the rear of the tractor or lights or reflectors of any kind on the potato digger, but there was a white light about 4.5 inches in diameter fastened under the rear seat of the tractor slanted slightly downward, but higher than the potato digger, which illuminated the digger and the road to the rear. The host driver observed a white light for a while when he was about one-half mile behind the tractor and digger and then did not see it until he was within 25 or 30 feet, when it was too late to avoid the accident. The car in the Turner case was being driven only 45 to 50 miles per hour. Clearly there was no showing in that case, as there is here, that the driver continued to drive at a very dangerous speed under circumstances, which the driver must have known, which made such fast driving highly dangerous.

Appellant argues many other points, which after careful consideration we conclude are so obviously without merit that they do not require detailed consideration.

Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and WORTHEN, CROCKETT and HENRIOD, JJ., concur.