366 P.2d 989

Georgia VELASQUEZ, Plaintiff, Respondent and Cross-Appellant,

v.

GREYHOUND LINES, INC., a Delaware Corporation, and Henry W. Everts, Defendants and Appellants,

and

Interstate Motor Lines, Inc., and Jeff Wallace Matthews, Defendants and Cross-Respondents.

No. 9441.

Supreme Court of Utah.

Dec. 11, 1961.

13. Barber v. Moss, (1955) 3 Utah 2d 268, 282 P.2d 838, 50 A.L.R.2d 1436.

Marvin Bertoch, Ray, Quinney & Nebeker, Salt Lake City, for cross-appellant.

Mark S. Miner, Salt Lake City, for appellants.

Don J. Hanson, Salt Lake City, for defendants.

CROCKETT, Justice.

Georgia Velasquez was injured when the Greyhound bus in which she was a passenger collided with the rear of defendant Interstate Motor Lines' semi-trailer which was stopped on the side of the highway. She sued both, and the jury returned a verdict against them. Upon motion the trial court granted judgment n. o. v. in favor of Interstate Motor Lines. Greyhound appealed its case; and plaintiff cross appealed seeking to reinstate the verdict against Interstate. Greyhound voluntarily dismissed its appeal, leaving only plaintiff's cross appeal against Interstate before us.

The collision took place May 30, 1960, at about 11:00 p. m. near Bigelow Junction in southwestern Wyoming. The direction of travel of both vehicles was west on Interstate 80, a new, divided highway. The hard surface on the westbound north side

includes two 12-foot traffic lanes, a four-foot shoulder on the inside (south) and a 10-foot emergency pull-off strip on the outside (north).

One James Buckley, traveling west, had pulled his car off the highway beyond the 10-foot emergency strip onto the gravel because of tire trouble and sought help from passing motorists. The Interstate truck stopped alongside of Buckley's car, partially in the 10-foot emergency strip, but with its back and end protruding not more than seven feet (estimates varied from one and one-half to seven feet) into the right traffic lane. The driver was loading the flat tires into the tire rack of his truck to take them to Evanston for repair when the collision occurred. The truck's clearance lights, stop lights, and blinkers were turned on before the driver alighted, and they remained on. The argument about the setting of flares, admittedly required by both law and I.C.C. regulations, is of no consequence. They serve no other purpose than to warn other traffic. The Greyhound bus driver, by his own admission saw the Interstate truck as he approached. He said he first observed it from about three-fourths mile away and that he realized that both the truck and the Buckley car were stopped while he was still one-half mile away. If there had been flares out, or even if the truck had been aflame, it could have given him no more information. He said he intended to stop behind the truck to render assistance and to add the benefit of his lights to the scene. As to how far the truck extended onto the highway: he testified that it appeared that there would have been room for him to go by in the same traffic lane without moving left into the center lane.

The evidence is without dispute that as the Greyhound bus approached this scene a very strange thing happened: the bus driver momentarily lost consciousness by either falling asleep or blacking out from some other cause. He was roused to consciousness just before the impact by the warning cry of a woman passenger: "Don't hit it." He swerved the bus to the left but not in time to avoid hitting the left rear corner of the truck. Plaintiff is one of several passengers injured in the collision.

The problem of controlling importance on this appeal is: was the negligence of Greyhound (now finally adjudicated), the sole proximate cause of plaintiff's injury; or was the prior parking of Interstate's truck partially obstructing the north traffic lane also a concurring proximate cause thereof.

█ Notwithstanding the fact that counsel is correct in urging that the law of Wyoming, where the accident occurred,.

would govern,[1] no authority has been cited which indicates that their law on this subject is any different in principle from our own.

■ We quite agree with the proposition that where one has negligently created a condition of danger he is not relieved of responsibility for damage it causes to another merely because the injury also involved the later misconduct of someone else. But this is true only if both negligent acts are in fact concurring proximate causes of the injury; and it is not true if the later negligence is an independent, intervening sole proximate cause of the incident.

In Hillyard v. Utah By-Products Co.,[2] we had occasion to consider the problem of proximate cause in another case where defendant's truck had been parked protruding onto the highway and was run into by a car in which the person injured was a guest passenger. It was held that under the particular fact situation the prior negligent parking of the defendant's truck could reasonably be found to be a concurring proximate cause of the collision. The deceased was a guest in a car being negligently driven; the driver veered to his left in attempting to pass a car ahead; saw a car coming from the other direction; then moved back into his own lane just as the car ahead swerved to its left to miss the parked truck, thus leaving the driver suddenly confronting the parked truck when it was too late to avoid it. We held that in this emergency situation the prior negligent parking of the truck setting up the hazard could reasonably be found to be a concurring proximate cause with the negligence of the driver in producing the injury.[3] But we also pointed out that even where there is a negligently created hazard (Interstate parking the truck) and a later actor (Greyhound) observed, or circumstances were such that he could not fail to observe, the condition, but he nevertheless negligently failed to avoid it, the latter negligence would be an independent, intervening cause and therefore the sole proximate cause of the accident.[4]

■ In determining whether the negligence in creating a hazard (Interstate's parking the truck) was a proximate cause of the collision, this is the test to be applied: did the wrongful act, in a natural and continuous sequence of events which might reasonably be expected to follow,

1. See Buhler v. Maddison, 109 Utah 267, 176 P.2d 118, 168 A.L.R. 177; Wood v. Taylor, 8 Utah 2d 210, 332 P.2d 215.

2. 1 Utah 2d 143, 263 P.2d 287.

3. See Hillyard v. Utah By-Products, footnote 2 above, and authorities cited therein; McMurdie v. Underwood, 9 Utah 2d 400, 346 P.2d 711; Kimiko Toma v. Utah Power & Light Co., 12 Utah 2d 278, 365 P.2d 788.

4. Hillyard v. Utah By-Products, footnote 2 supra; and see also statement in Nyman v. Cedar City, 12 Utah 2d 45, 361 P.2d 1114, at 1117.

produce the injury. If so, it can be said to be a concurring proximate cause of the injury even though the later negligent act of another (Greyhound) cooperated to cause it. On the other hand, if the latter's act of negligence in causing the collision was of such character as not reasonably to be expected to happen in the natural sequence of events, then such later act of negligence is the independent, intervening cause and therefore the sole proximate cause of the injury.

Applying the foregoing test to our situation: we think it is not reasonably to be foreseen that an oncoming driver (Greyhound) would see (or fail to see) this large, well-lighted truck so parked upon the highway, and with at least one and one-half useable traffic lanes to his left, nevertheless run into it. The trial court was correct in so concluding and entering a judgment in favor of Interstate Motor Lines as a matter of law on the ground that the negligence of Greyhound was the sole proximate cause of the collision.

Affirmed. Costs to defendant Interstate Motor Lines (respondent).

WADE, C. J., and HENRIOD, McDONOUGH, and CALLISTER, JJ., concur.