**Joe CALDWELL and Virginia Caldwell, Plaintiffs and Appellants,**

v.

**Ted ARMENGOL, Elizabeth Armengol and T. J. Armengol, Defendants and Respondents.**

No. 15486.

Supreme Court of Utah.

Nov. 3, 1978.

R. C. Skeen, F. Robert Bayle, Salt Lake City, for plaintiffs and appellants.

A. Alma Nelson of Hanson & Garrett, Salt Lake City, for defendants and respondents.

WILKINS, Justice:

Plaintiffs brought this action to recover for the wrongful death of their daughter, Catherine Anne, allegedly resulting from the negligent operation of a vehicle by T. J. Armengol in which the daughter was a passenger. The complaint also alleges negligence on the part of Ted Armengol and Elizabeth Armengol, parents of T. J. Armengol, for knowingly and negligently permitting their son to drive the automobile without a valid driver's license.

Defendant Elizabeth Armengol moved for a summary judgment in her favor and filed an affidavit stating that she is not and has never been an owner of the automobile involved in the accident and did not sign an application for her son's driver's license.

The District Court ruled that as the incident occurred in the State of Idaho, laws of that state apply,[1] and granted defendant's

---

1. See *Hudson v. Decker*, 7 Utah 2d 24, 317 P.2d 594 (1957).

motion for summary judgment, dismissing the complaint against Elizabeth. Plaintiffs appeal.

For the purposes of the hearing on the motion for summary judgment, Elizabeth's deposition was published. In that deposition Elizabeth stated that T. J. Armengol was 17 years old and that he had applied for a driver's license in Idaho and she assumed that at the time of the accident a license had been issued. She also testified that during the summer of 1976 Ted Armengol and T. J. Armengol were working at Bear Lake selling real estate. The father and son were staying at Fish Haven, Idaho. On Friday prior to the accident Elizabeth drove the Honda automobile to Bear Lake. The next day the Honda was taken to the real estate office by Ted Armengol. On Saturday evening T. J. Armengol returned to the trailer where the Armengols lived, changed his clothes and stated he was going to a barbecue with some other young people. Elizabeth further stated that she did not know that T. J. had the automobile, but apparently he or plaintiffs' daughter had obtained the keys from Ted Armengol. Early Sunday morning the Honda automobile was involved in a one-car accident wherein the daughter of the plaintiffs was killed.

Elizabeth stated in her deposition that the son had driven the Honda "a couple of times" prior to the accident with her knowledge.

Applicable Idaho statutes are as follows:

Section 49–338, Idaho Code Annotated, 1947, states:

Permitting unauthorized minor to drive. —No person shall cause or knowingly permit his child or ward under the age of 18 years to drive a motor vehicle upon any highway when such minor is not authorized hereunder or in violation of any of the provisions of this act.

Section 49–339, Idaho Code Annotated, 1947, states:

Permitting unauthorized person to drive. —No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized hereunder or in violation of any of the provisions of this act.

Plaintiffs do not dispute the fact that Elizabeth was not the owner of the car. Whether T. J. had a valid Utah or Idaho driver's license, and if not, whether Elizabeth *knew* he had no license, but gave her express or implied permission to drive are in dispute, and are material in view of Idaho Code Annotated, Sec. 49–338, cited above.

As material facts are in dispute, the Court erred in granting the summary judgment.[2] The judgment of the District Court is reversed, and this case remanded for further proceedings.

ELLETT, C. J., and CROCKETT, J., concur in result.

MAUGHAN, J., does not participate herein.

HALL, J., having disqualified himself, does not participate herein.

HENRIOD, Retired Justice (Dissenting):

I respectfully dissent, believing the main opinion to be in error in appraising the record and in construing the decision of the trial court, as follows:

The basis for the *opinion* is grounded on the Idaho Code, 49–338, that simply says no parent "shall cause or knowingly *permit*" his child to drive without a license. The main opinion then bases its *decision* of reversal on: "whether Elizabeth *knew* (emphasized in the opinion) her son had no license, but gave her express or *implied* permission to drive are in dispute." I believe this conclusion cannot be gleaned from the undisputed record which clearly shows that Elizabeth was not the owner of the car allegedly driven by her son; did not have possession of it immediately prior to the time he obtained it before the accident; she still had her keys to the car, she clearly did not give him express permission to drive the

2. Rule 56, Utah Rules of Civil Procedure.

car, didn't know he was driving it; that the boy's father had possession of the car at his office, and there is no evidence of any "implied" permission to undertake the trip that resulted in the fatality. Definitely there was no express permission, and under the uncontradicted facts adduced in the discovery process, to say an "implied" permission is a genuine issue of fact here, is to indulge in speculation dehors the record.

Besides, although there is a minute entry by the Clerk that indicated at an oral hearing that the Court said Idaho law governed, it is highly significant that the lower court's *written* judgment did *not* mention the Idaho law, and neither did counsel for plaintiff mention Idaho law, but devoted a lengthy brief in opposition to the motion for summary judgment *solely* to the two sections in the *Utah* statute which he considered the only pertinent basis for his motion. The trial judge's summary judgment was on the undisputed *facts*, and it seems obvious that "implied permission" was not one that he considered to be the subject of debate,—even under the Idaho statute, had he mentioned it.

Furthermore, the main opinion emphasizes whether Elizabeth *knew* her son did not have a license as a material fact to be determined. That knowledge is not so important, or at least not more important than the "permission" to drive factor. The statute says nothing about "implied" permission, although it may be conceded that in a proper case it could be so construed,—but here, where the facts show that the "permission" to drive was given to the boy by someone else, very apparently by his father, but at best by himself, makes it impossible in logic and fact, for Elizabeth to have given even "express" permission, let alone "implied" permission,—which issue's significance flew out the window on the advent of someone else,—even a thief, having given a permission, all of which took Elizabeth out of the statute.

It would seem that the well known presumption of correctness of the trial court's rulings, absent clear abuse of discretion, should maintain here by way of affirmance.